1

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS

United States District Court
Southern District of Texas
FILED

SEP 17 2001

Michael N. Milby
Clerk of Court

| UNITED STATES OF AMERICA, | § | |
|---|---|---|
| | § | |
| versus | § | Civil Action B-01-158 |
| | § | |
| Rosalinda Torres | § | |

# Complaint

1. *Jurisdiction.* The district court has jurisdiction because the United States is a party. *See* U.S. CONST. art. III, Section 2, and 28 U.S.C. § 1345.

2. *Venue.* Defendant resides in Cameron County, Texas, and may be served at 2445 Southmost, Brownsville, TX 78521.

3. *The Debts.* The defendant owes two debts to the United States:

Debt 1:

| | | | |
|---|---|---|---|
| a. | Principal as of April 21, 1999:: | | $2,829.11 |
| b. | Interest as of April 21, 1999: | | $1,927.59 |
| c. | Administrative fees, costs, penalties | | $0.00 |
| d. | Balance due as of April 21, 1999 | | $4,756.70 |
| e. | Prejudgment interest accrues at 8.41% per annum from April 21, 1999, being $0.65 per day | | |
| f. | The current balance of Debt I is after credits of $0.00 | | |

The certificate of indebtedness, attached as Exhibit A, shows the total owed excluding attorney's fees and central intake facility charges. On the date of the certificate the principal and interest shown were correct after credits having been applied.

Debt 2:

| | | | |
|---|---|---|---|
| a. | Principal as of April 21, 1999: | | $2,349.42 |
| b. | Interest as of April 21, 1999: | | $838.17 |

1

  c.  Administrative fees, costs, penalties  $0.00

  d.  Balance due as of April 21, 1999  $3,187.59

  e.  Prejudgment interest accrues at 8.41% per annum from April 21, 1999, being $0.54 per day

  f.  The current balance of Debt 2 is after credits of $0.00

The certificate of indebtedness, attached as Exhibit B, shows the total owed excluding attorney's fees and central intake facility charges. On the date of the certificate the principal and interest balance shown were correct.

4. *Attorney's fees.* The United States seeks attorney's fees of $2,600.00.

5. *Failure to Pay.* Demand has been made on the defendant to pay the indebtedness, and the defendant has failed to pay it. All conditions precedent have been performed or have occurred.

6. *Prayer.* The United States prays for judgment for:

  A.  The sums in paragraph 3 plus prejudgment interest through the date of judgment, administrative costs, and post-judgment interest.

  B.  Attorney's fees; and

  C.  Other relief the court deems proper.

Respectfully submitted
BENNETT, WESTON & LaJONE, P.C.

By: _____
J. Michael Weston
Texas Bar No. 21232100
SD Tex. No. 21538
Attorney in Charge
Charles I. Appler
Texas Bar No. 00788995
SD Tex. No. 23055
1750 Valley View Lane, Suite 120
Dallas, Texas 75234
Telephone: (214) 691-1776

FAX: (214) 373-6810

Attorneys for the United States of America

**YOUR ANSWER OR OTHER RESPONSIVE PLEADING MUST BE FILED WITH THE UNITED STATES DISTRICT CLERK.**

**THE FEDERAL RULES OF CIVIL PROCEDURE REQUIRE THAT YOU SEND US A COPY OF EVERY DOCUMENT YOU FILE WITH THE COURT.**

Case 1:01-cv-00158   Document 1   Filed in TXSD on 09/17/2001   Page 3 of 6

U.S. DEPARTMENT OF EDUCATION
SAN FRANCISCO, CALIFORNIA

CERTIFICATE OF INDEBTEDNESS

Name: ROSALINDA TORRES
AKA:

Address: 2445 SOUTHMOST

BROWNSVILLE, TX 78521
SSN: 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

I certify that Department of Education records show that the borrower named above is indebted to the United States in the amount stated below plus additional interest from 04/21/99.

On or about 8/24/88, the borrower executed promissory note(s) to secure loan(s) of $2,625.00 from UNIVERSITY SAVINGS ASSOC., AUSTIN, TX. at 8.41% percent interest per annum. This loan obligation was guaranteed by TEXAS GUARANTEED STUDENT LOAN CORPORATION and then reinsured by the Department of Education under loan guaranty programs authorized under Title IV-B of the Higher Education Act of 1965, as amended, 20 U.S.C. 1071 et. seq. (34 C.F.R. Part 682). The holder demanded payment according to the terms of the note(s), and credited $0.00 to the outstanding principal owed on the loan(s). The borrower defaulted on the obligation on 12/5/89, and the holder filed a claim on the guarantee.

Due to this default, the guaranty agency paid a claim in the amount of $2,829.11 to the holder. The guarantor was then reimbursed for that claim payment by the Department under its reinsurance agreement. The guarantor attempted to collect the debt from the borrower. The guarantor was unable to collect the full amount due, and on 10/30/97, assigned its rights and title to the loan(s) to the Department.

Since assignment of the loan, the Department has received a total of $0.00 in payments from all sources, including Treasury Department offsets, if any. After application of these payments, the borrower owes the United States the following:

| | |
|---|---|
| Principal: | $  2,829.11 |
| Interest: | $  1,927.59 |
| Administrative/Collection Costs: | $       0.00 |
| Late fees: | $       0.00 |
| Total Debt as of 04/21/99 : | $  4,756.70 |

Interest accrues on the principal shown here at the rate of $0.65 per day.

Pursuant to 28 USC §1746(2), I certify under penalty of perjury that the foregoing is true and correct.

Executed on: 5/19/99    Name: _____
Title: Loan Analyst
Branch: Litigation

EXHIBIT A

# U.S. DEPARTMENT OF EDUCATION
# SAN FRANCISCO, CALIFORNIA

## CERTIFICATE OF INDEBTEDNESS

Name: ROSALINDA TORRES
AKA:

Address: 2445 SOUTHMOST

BROWNSVILLE, TX 78521
SSN: 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

I certify that Department of Education records show that the borrower named above is indebted to the United States in the amount stated below plus additional interest from 04/21/99.

On or about 5/25/89, the borrower executed promissory note(s) to secure loan(s) of $2,299.00 from UNIVERSITY SAVINGS ASSOC., AUSTIN, TX. at 8.41% percent interest per annum. This loan obligation was guaranteed by TEXAS GUARANTEED STUDENT LOAN CORPORATION and then reinsured by the Department of Education under loan guaranty programs authorized under Title IV-B of the Higher Education Act of 1965, as amended, 20 U.S.C. 1071 et. seq. (34 C.F.R. Part 682). The holder demanded payment according to the terms of the note(s), and credited $97.15 to the outstanding principal owed on the loan(s). The borrower defaulted on the obligation on 4/5/90, and the holder filed a claim on the guarantee.

Due to this default, the guaranty agency paid a claim in the amount of $2,349.42 to the holder. The guarantor was then reimbursed for that claim payment by the Department under its reinsurance agreement. The guarantor attempted to collect the debt from the borrower. The guarantor was unable to collect the full amount due, and on 10/30/97, assigned its rights and title to the loan(s) to the Department.

Since assignment of the loan, the Department has received a total of $0.00 in payments from all sources, including Treasury Department offsets, if any. After application of these payments, the borrower owes the United States the following:

| | |
|---|---|
| Principal: | $ 2,349.42 |
| Interest: | $ 838.17 |
| Administrative/Collection Costs: | $ 0.00 |
| Late fees: | $ 0.00 |
| Total Debt as of 04/21/99: | $ 3,187.59 |

Interest accrues on the principal shown here at the rate of $0.54 per day.

Pursuant to 28 USC §1746(2), I certify under penalty of perjury that the foregoing is true and correct.

Executed on: 5/19/99

Name: _____
Title: Loan Analyst
Branch: Litigation

EXHIBIT B

# United States District Court

## Southern District of Texas

### SUMMONS IN A CIVIL CASE

United States of America

v.

CASE NUMBER: B-01-158

Rosalinda Torres

TO: (Name and Address of Defendant)

> Rosalinda Torres
> 2445 Southmost
> Brownsville, TX 78521

**YOU ARE HEREBY SUMMONED** and required to serve upon PLAINTIFF'S ATTORNEY (name and address)

> J. Michael Weston
> BENNETT, WESTON & LaJONE, P.C.
> 1750 Valley View Lane., Suite 120
> Dallas, TX 75234

an answer to the complaint which is herewith served upon you, within **20 days** after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You must also file your answer with the Clerk of this Court within a reasonable period of time after service.

Michael N. Milby, Clerk
Clerk

9-17-01
Date

BY DEPUTY CLERK

ClibPDF - www.fastio.com